UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY-MERRITT WILSON,<br><br>            Plaintiff,<br><br>     v.<br><br>HENRY J. TOBIAS, et al.,<br><br>            Defendants. | Case No. 16-cv-05419-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF**<br><br>Re: Dkt. No. 9 |

Pending before the Court is pro se Plaintiff Jeffrey-Merritt Wilson's motion for a temporary restraining order ("TRO"), preliminary injunction, and declaratory relief. Dkt. No. 9. Plaintiff seeks these forms of relief "to maintain the status quo as to the matters [that] pertain and depend on this instant case." *Id.* at 2.  He petitions the Court to prevent a jury trial from going forward in state court. *See id.* at 2 & Ex. 3 (notice of jury trial in *U.S. Bank Nation Ass'n. v. Wilson, Jeffrey Merritt*, No. CL-16-00199 (San Benito Cty. Super. Ct.)).  He also urges the Court void a state court judgment in separate case. *See id.* at 3 (identifying case as No. CU-11-00119). After careful review of the papers submitted by the Plaintiff, the Court **DENIES** Plaintiff's motion.

**I.     PRELIMINARY INJUNCTION**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The legal standard for a TRO and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

The Court finds that Plaintiff has failed to establish a likelihood of success on the merits.

1  Without more, his speculation that he is "most likely to prevail" is inadequate. *See* Dkt. No. 9 at

2  3. Accordingly, Plaintiff has not met the requirements for either a TRO or a preliminary

3  injunction.[1]

## II. DECLATRORY JUDGMENT

The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02 (2012), is "procedural only" and does not extend federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950) (citation omitted). Therefore, a federal court may not award declaratory relief unless the underlying claim provides a basis for federal subject matter jurisdiction. *See id.* at 674. As a procedural statute dependent on an underlying cause of action, the DJA makes available an "*additional remedy* to litigants" without creating an independent "theory of recovery." *See Team Enters., LLC v. W. Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (original emphasis) (citations omitted), *aff'd*, 446 F. App'x 23 (9th Cir. 2011). Since Plaintiff has not yet prevailed on any underlying claim, he has not yet established any entitlement to declaratory relief.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: November 11, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Even if Plaintiff were able to meet the requirements to issue a preliminary injunction or TRO, the Court would likely lack authority to stay the state court proceedings at issue here, given the narrow exceptions under the Anti-Injunction Act. *See* 28 U.S.C. § 2283 (2012) ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") Similarly, the Court would likely lack authority to vacate the state court judgment at issue here, given the probable applicability of the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Accordingly, review of such judgments may be had only in the Supreme Court. The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." (internal citations, quotation marks, and brackets omitted)). However, the Court needs not reach these questions of its authority because Plaintiff has clearly not met the requirements for issuing a preliminary injunction or TRO.

United States District Court
Northern District of California